[Crim. No. 7695.   Second Dist., Div. Three.   June 14, 1961.]

THE PEOPLE, Respondent, v. GILBERT REYES PARRA, Appellant.

Gilbert Reyes Parra, in pro. per., for Appellant.

No appearance for Respondent.

SHINN, P. J.—Gilbert Reyes Parra was jointly accused with Estella Fierro of four narcotic offenses and was convicted in a nonjury trial of one offense of possession of heroin, one of the possession of marijuana, and one offense of employing a minor in the unlawful transporting and selling of heroin. He was sentenced to state prison.

At the trial it was stipulated that the court might read and consider ''. . . the crime reports, the arrest reports and the investigator's reports, located in the District Attorney's file . . .'' and give to them the full effect as evidence of the facts stated therein that would be given to testimony of the same facts by the persons who made the reports. It was also stipulated that the court might decide the question of a former conviction, which was alleged in the information, on the basis of a probation report. Parra's codefendant was acquitted. Parra was found to have suffered the former conviction and he has appealed from the judgment in propria persona. He made a request for appointment of counsel on the appeal. Having been convicted at substantial public expense he, like many others, would like to have the state stand the expense of getting him out of prison. We denied the request for appointment of counsel for reasons hereinafter stated.

In the past we have refused to appoint counsel only where we were convinced from an examination of the record that the appeal was wholly lacking in merit. In the present case we have the exact opposite of that situation. We have experienced no difficulty in ascertaining, without assistance of appointing counsel, that Parra was convicted without the introduction of

any evidence of his guilt, which fatal omission was, of course, unknown to Parra when he took his appeal.

It appears from the reporter's transcript that the court stated that it had read the reports in the files of the district attorney and thereupon, and without further evidence, the court found defendant guilty.

There is no copy of any of the reports in the clerk's transcript or reporter's transcript. We ordered the trial file, including the exhibits, transferred to this court. It has been examined by the attorney general. No report is found in the file or among the exhibits. It is not shown in either the clerk's or reporter's transcript that any report was offered in evidence, or marked for identification, and it appears from the reporter's transcript that none was read into evidence.

It is unfortunate, indeed, that the district attorney evidently put the evidence back in his brief case and walked away with it, and that the judge was not watching him. But we cannot affirm a judgment that has no support in the evidence, even in the case of an appellant who offered no defense and appears to have been given a fair trial.

We have had misgivings over the practice of submitting cases for decision on the reports of police officers, thus foregoing the right of cross-examination and incurring the risk of being confronted with damaging hearsay evidence. It is a practice to be discouraged. If it is known that the guilt of the defendant can be proved by incontrovertible evidence he should be advised to plead guilty. If he has a possible defense the case should be tried judicially. We might add that where prior convictions are alleged the People should be prepared to prove them. The common practice of stipulating that prior convictions may be decided on the basis of a probation report, which no one has yet seen, is conducive to a harmful error.

The judgment is reversed.

Vallée, J., and Ford, J., concurred.